## DAVIS v COMMUNITY TRACTION CO

Ohio Appeals, 6th Dist, Lucas Co

Decided Nov 13, 1936

A. M. Steinberg, Toledo, and Fraser, Effler, Shumaker & Winn, Toledo, for appellant.

Welles, Kelsey & Cobourn, Toledo, and Frank A. Harrington, Toledo, for appellee.

## OPINION

By OVERMYER, J.

Myrtle E. Davis brought an action in the Common Pleas Court to recover damages from The Community Traction Company for injuries claimed to have been sustained by her on January 16, 1935, as a result of the automobile in which she was riding with her husband, and owned and operated by him, being struck from the rear by a street car on Auburn Avenue in Toledo. The trial resulted in a verdict for the traction company, upon which judgment was entered. This appeal is prosecuted to reverse the judgment.

Errors complained of by appellant include improper admission of evidence, the refusal to give certain special requests to charge before argument, the giving of a certain special request to charge on behalf of appellee, error in the general charge, that the verdict was manifestly against the weight of the evidence, and that the verdict was the result of passion and prejudice and the inflammatory arguments of counsel.

It appears from the evidence that on January 16, 1935, at about 7:30 P. M., the plaintiff was riding in the front seat with her husband who was driving an automobile south on Auburn Avenue. The night was dark and a heavy sleet storm was raging and the rain and sleet froze on the windshield to such an extent that it was necessary for the driver to stop and remove it several times. In doing this the last time, he stopped his automobile with the right wheels to the right and the left wheels to the left of the outer rail of the street car track and while cleaning his windshield a street car approached the automobile from the rear. The husband testifies that he thereupon ran toward the street car and waved his hat but did not succeed

in stopping the street car and it struck the automobile, forcing it diagonally across the street and over the curb, causing the injuries to plaintiff of which she complains. The motorman testifies he did not see the driver giving any signals.

The traction company was charged with negligence in failing to keep a proper lookout, operating at an unlawful and dangerous rate of speed of 25 miles per hour, failing to have a proper headlight, failing to observe the husband's signals to stop, failing to slow down and stop before striking the automobile or to give warning of its approach.

The error assigned touching the admission of evidence relates to the testimony of the witness for defendant, Sergeant Lynn Matthews, the presumptive probable result of which was to prejudice the jury against the plaintiff by a wholly unsupported and collateral attack on her character for chastity. The testimony related to a period in plaintiff's life some thirteen years before the accident in question, namely, 1922 or 1923.

The only purpose for which this witness was called, apparently, was to impeach the plaintiff touching her place of residence during certain years of her life and the name used by her, that is, an attack on her credibility; yet there was nothing to impeach in that respect for the plaintiff had not denied the places of residence inquired about nor the names she used. The following pertinent parts of Matthews' testimony shows the character of the questions and answers:

"Q. You are a sergeant in the police department of the city of Toledo? A. Yes, sir.

Q. How long have you been in the service? A. About 19 years.

Q. What were your duties and what was your title in 1922 and 1923? A. On the vice squad.

Q. Vice squad? A. Yes, sir.

Q. Do you know the lady seated here (indicating)? A. Yes, sir.

Q. What name do you know her by? A Myrtle Berry.

Q. Where have you seen her? A. 46 Ontario—

Objection by Mr. Shumaker: Wait a minute, I not only object to the question, Your Honor, but assign the examination, so far as it has gone, as misconduct of counsel."

Thereupon counsel were called to the bench by the court and a conversation had not in the hearing of the reporter. Thereupon the examination proceeded.

"Q. Have you seen this lady at 46 Ontario Street?

Objection;

The Court: He may answer.

A. Yes, sir.

Q. During what period?

Objection;

The Court: He may answer. A. About '22 or '23, couldn't say exact.

You may state whether you saw her there on more than one occasion?

Objection; overruled. A. Yes, sir.

Q. Who was in charge?

Mr. Shumaker: Objection, and I assign this entire examination as misconduct on the part of counsel as being an apparent effort to lug in an element entirely collateral, for the purpose of trying to prejudice the jury against the plaintiff in this case. It doesn't have the remotest connection with the merits of this law suit in one way or another.

By the Court: The last question—I can't see quite the necessity for it. I think the court indicated to counsel the limits of the examination.

Q. Do you know whether or not that was a residence?

Mr. Shumaker: Object to the question.

By the Court: He may answer it, if he can.

A. She may have lived there, I couldn't say to that."

Thereupon counsel for the plaintiff moved to strike from the record the evidence given by this witness and instruct the jury to disregard it for the reason that it had no bearing whatever on the issues involved in the case, which was overruled.

This testimony was obviously effective for but one purpose, for it in no way impeached any testimony given by the plaintiff, and had no bearing on any issues involved in this case and constituted prejudicial error. Watkins v Linver, 48 Oh Ap 268, 272, (15 Abs 420), 193 NE 77; Scripps v Reilly, 38 Mich. 10.

Appellant claims that the trial judge erred in refusing to give to the jury in advance of argument its written requests Nos. 1 and 2, which are as follows:

"If you find by a preponderance of the evidence that the defendant, The Commun-

ity Traction Company was negligent in one or more of the respects set forth in the petition, and that such negligence directly and proximately caused the collision and the injuries sustained by the plaintiff, you will return a verdict in favor of the plaintiff and against the defendant, The Community Traction Company.

"If you find by a preponderance of the evidence that the defendant, The Community Traction Company was guilty of negligence in one or more of the respects set forth in the petition, and that the driver of the automobile, Julius Davis, was negligent in any respect at the time and immediately prior to the collision, and if you further find that such negligence of the defendant, The Community Traction Company, and of the driver of the automobile, Julius Davis, concurred and acted together to cause directly and proximately the injuries sustained by the plaintiff, then your verdict will be in favor of the plaintiff and against the defendant, The Community Traction Company."

These requests are, in the opinion of a majority of the court, correct in all respects except one, which infirmity justified the court in refusing them. Whether Mrs. Davis sustained injuries was an issuable fact under the pleadings and the evidence. The words "the injuries sustained" as used in these requests assume this issuable fact to have been proved. For this reason the requests as presented to the court were rightly refused.

The court is unanimous in its opinion that the evidence in the case raises the issue of contributory negligence, and that being so, Judge Carpenter is of the opinion that that element should have been included in the requests under consideration.

The general charge of the court is not free of error, but the errors therein are not prejudicial to appellant.

We find no error in the refusal to give special charge No. 3. Under the facts in this case, the last sentence of this charge, without qualification, would have been too narrow.

Because of the prejudicial errors above indicated, the judgment will be reversed and the cause remanded. We find no other errors in the record prejudicial to the appellant.

Judgment reversed and cause remanded.

LLOYD and CARPENTER, JJ, concur.